**PHARES, Chief of Highway Motor Patrol, et al. v. BILBO TRANSP. CO. et al.**

**No. 2797.**

Court of Civil Appeals of Texas. El Paso.

Oct. 6, 1932.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., for appellants.

J. Frank Wilson and Sullivan & Wilson, all of Dallas, for appellees.

PELPHREY, C. J.

This is an appeal from an order of the district court of Pecos county, temporarily restraining L. G. Phares, chief of the Highway Motor Patrol of Texas, all state highway patrolmen, all state license and weight inspectors, all sheriffs, constables, justices of the peace, county attorneys, and district attorneys, and their respective agents, servants, representatives, and employees, from arresting or molesting appellees, their agents, servants, or employees, while operating their trucks over the highways of the state of Texas for violation of that provision of the law which prohibits the transportation of any load in excess of 7,000 pounds on any vehicle or combination of vehicles.

The original application was filed by Bilbo Transportation Company and nineteen others. Later fifty-two others were granted per-

mission to intervene and the same order was made as to them. These orders were entered the same day the applications were filed and without notice to or appearance by appellants.

Appellants contend in their brief that the temporary injunction should be dissolved and the cause dismissed because the petitions of the plaintiff and all interveners are insufficient to support the granting of either a temporary or permanent writ of injunction, for the reason that they fail to show any vested property right involved which will be destroyed; that the act in question is constitutional; and that it being a criminal statute any injunction will not lie to restrain its enforcement unless vested property rights are about to be destroyed or unless it is unconstitutional.

Appellees counter with the propositions that the enforcement of the act will operate to destroy the value of property which they were using before the act became effective; that the act complained of is unconstitutional, vague, and indefinite in its terms and delegates to enforcement officers a determination of its meaning; and that the act is unconstitutional, in that it provides an exception in favor of certain others of a like class and engaged in the same business.

The act complained of is section 5 (b) of chapter 282, p. 511, of the Acts of the Forty-Second Legislature, Regular Session (Vernon's Ann. P. C. art. 827a, § 5(b), reading: "The limitations imposed by this Act as to length of vehicle or combination of vehicles and weight of loads and of height of vehicle with load shall not apply to vehicles when used only to transport property from point of origin to the nearest practicable common carrier receiving or loading point or from a common carrier unloading point by way of the shortest practicable route to destination; provided said vehicle does not pass a delivery or receiving point of a common carrier equipped to transport such load, or when used to transport property from the point of origin to point of destination thereof when the destination of such property is less distant from the point of origin thereof than the nearest practicable common carrier receiving or loading point equipped to transport such load; provided, however, that in no event except by special permit, as hereinabove specifically provided, shall the length of said vehicles exceed fifty-five (55) feet or the weight of such loads exceed fourteen thousand (14,-000) pounds; and provided, further, that the limitations imposed by this Act upon weight per inch width of tire shall apply to all such vehicles and loads."

The section of the act relative to the weight of load (Vernon's Ann. P. C. art. 827a, § 5) reads: "Sec. 5. No commercial motor vehicle, truck-tractor, trailer, or semi-trailer shall be operated on the public highway outside of the limits of an incorporated city or town with a load exceeding seven thousand (7000) pounds on any such vehicle or train or combination of vehicles; and no motor vehicle, commercial motor vehicle, truck-tractor, trailer or semi-trailer having a greater weight than six hundred (600) pounds per inch width of tire upon any wheel concentrated upon the surface of the highway shall be operated on the public highways outside of the limits of an incorporated city or town; provided, however, that the provisions of this section shall not become effective until the first day of January, 1932."

Appellees' petitions, after setting out that they operate commercial motor vehicles throughout the state of Texas, the number of vehicles operated by them, that such vehicles are constructed to haul loads in excess of 7,000 pounds, the amount invested by them in such equipment, the amount of license fees and gasoline taxes paid to the state, and the amount which would be lost to them if restricted to transporting net loads of 7,000 pounds, contain the following allegations: "That the said intervenors say and allege that H. B. 336, known as chapter 282, page 507, Acts of the 42nd Legislature of the State of Texas, Regular Session, is unconstitutional for each and all of the reasons' set forth in that intervenors and each of them will be prohibited from hauling a load in excess of 7,000 pounds, and that if the provisions of the said law is enforced against the plaintiffs, and each of them, who are lawfully entitled to carry on the vehicles aforesaid, loads, exceeding 7,000 pounds, but that if the said law is enforced as against these intervenors that they and each of them will be irreparably damaged; and that the said defendants and each of them, will endeavor and will prevent the transportation by intervenors, and each of them, of hauling loads in excess of 7,000 pounds, acting under the authority of the aforesaid law, which is null, void and unconstitutional." And: "Intervenors further say that the said law and House Bill 336 is illegal, unconstitutional and void because same is vague, indefinite and uncertain in its terms and provisions in this'; that in its provisions it provides that 'any persons may or might haul 14,000 pounds to the nearest practicable railway station' for the reason that said stipulation is vague and indefinite, unreasonable, unjust, unsound, unconstitutional and arbitrary, and that the law does not define what is meant by the nearest practicable railway station, and because said law leaves this matter solely to the enforcement officers to determine. And because these intervenors if they are forced to comply with the provisions in said law they are unable to determine what is meant by 'nearest practicable railway station,' and the said law leaves the determination up to the

514

Highway enforcement officers and that these intervenors will be irreparably injured and damaged if they are forced to comply with the same, and that their equipment and machinery will be virtually destroyed and lost, and these intervenors will suffer irreparable injury and loss, and that they have no adequate remedy at law, and these intervenors will be deprived of their rights and will lose their business as well as their equipment."

It will be seen from a reading of the above pleadings that, at most, it questions the validity of the act upon three grounds: (1) That the act is unconstitutional, in that the Legislature had no power to enact a law which would prohibit them from hauling a load in excess of 7,000 pounds; (2) that the provision exempting persons hauling to and from the "nearest practicable common carrier receiving or loading point" is so vague and uncertain as to render it unconstitutional; and (3) that the provisions of section 5(b) are unreasonable and arbitrary.

■ This same act was before the Supreme Court of the United States in the recent case of Ed Sproles et al. v. T. Binford et al., 286 U. S. 374, 52 S. Ct. 581, 585, 76 L. Ed. 1167, and the questions presented by the petitions here were passed upon by that court. In passing upon the authority of the Legislature to limit net loads on trucks to 7,000 pounds, the court said: "In exercising its authority over its highways the state is not limited to the raising of revenue for maintenance and reconstruction, or to regulations as to the manner in which vehicles shall be operated, but the state may also prevent the wear and hazards due to excessive size of vehicles and weight of load. Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. * * * When the subject lies within the police power of the state, debatable questions as to reasonableness are not for the courts but for the Legislature, which is entitled to form its own judgment and its action within its range of discretion cannot be set aside because compliance is burdensome."

■ In response to the charge that the provisions of section 5(b) were vague and uncertain, the court had the following to say: "Objection is made to * * * permitting an additional length of vehicles and greater loads than 7,000 pounds (up to 14,000 pounds) when the vehicles are operated, as stated, between points of origin, or destination, and 'common carrier receiving or loading,' or unloading, points. Appellants urge that this provision, by reason of the use of the terms 'nearest practicable common carrier receiving or loading point' and 'shortest practicable route to destination,' and 'common carrier receiving or loading point equipped to transport such load,' is so uncertain that it affords no standard of conduct that it is possible to know. We cannot agree with this view. The 'common carrier receiving or loading points,' and the unloading points, described, seem quite clearly to be points at which common carriers customarily receive shipments, of the sort that may be involved, for transportation, or points at which common carriers customarily unload such shipments. 'Shortest practicable route' is not an expression too vague to be understood. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. [Citing cases.] The use of common experience as a glossary is necessary to meet the practical demands of legislation. In this instance, to insist upon carriage by the shortest possible route, without taking the practicability of the route into consideration, would be but an arbitrary requirement, and the expression of that which otherwise would necessarily be implied, in order to make the provision workable, does not destroy it."

■ There being no allegation of fact or facts showing in what manner the section is unreasonable or arbitrary, either as respects appellees or others, we are not called upon to pass upon that question.

■ Other grounds presented in appellees' brief, finding no basis in the pleading, will not be considered.

Having concluded that statute was not subject to the attack made upon it, it follows that the trial court erred in granting the temporary injunction.

The judgment of the trial court is therefore reversed, and the temporary injunction dissolved.